### AFFIDAVIT IN SUPPORT A CRIMINAL COMPLAINT

I, Peter J. Mauro, a Special Agent (SA) with the Federal Bureau of Investigation (hereinafter "FBI"), Cleveland Division, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in 18 U.S.C § 2516. I have been trained in advanced investigative techniques and have satisfied all requirements defined by the Federal Criminal Investigator Classification series established by the U.S. Office of Personnel Management.

2. I have been employed by the Federal Bureau of Investigation (hereinafter "FBI") as a Special Agent since August of 2009 and am currently assigned to the Cleveland division, Akron Resident Agency.  I have been assigned to and participated in investigations in the area of general criminal matters, as well as the Joint Terrorism Task Force, which investigates threats of violence, and investigations involving firearm violations. I have participated in all of the usual methods of investigation including, but not limited to, financial analysis, physical surveillance, cooperating witnesses, confidential human sources, telephone toll record analysis, interception of wire and cellular telephone communications, consensual monitoring, and the execution of search and arrest warrants. Prior to my employment with the FBI, from 2003 until 2009 I was a Staff Sergeant in the United States Air Force, during which time I served in the Security Forces. I hold an associate degree in criminal justice, a bachelor's degree in psychology, and a master's degree in criminal justice. Over the course of my employment as an FBI Special Agent I have conducted and participated in multiple criminal

investigations that have resulted in arrests for violent criminal offenses. These crimes resulted in subsequent convictions in Federal Courts.

3. This affidavit is being submitted for the limited purpose of establishing probable cause to believe that Aaron John Lunato (Lunato), age 34, has violated 18 U.S.C. §§ 751(a) by knowingly escaping from custody in Oriana House, an institutional facility in which he was lawfully confined at the direction of the Attorney General, by virtue of a judgment and commitment of the United States District Court for the Northern District of Ohio, upon conviction for the commission of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1).

4. The statements contained in this affidavit are based in part on: information provided by FBI Special Agents, Task Force Officers and FBI Analysts, written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents, information gathered from the results of physical surveillance conducted by law enforcement agents, reporting by eye witnesses, independent investigation and analysis by FBI agents/analysts, and my experience, training and background as a Special Agent of the FBI. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation.  Instead, I have set forth only the facts that I believe are necessary to establish probable cause for the requested complaint.

5. Lunato pled guilty to one count of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) in case number 1:17CR0045 in the Northern District of Ohio.  On February 12, 2018, United States District Judge Patricia A. Gaughan sentenced Lunato to 80 months imprisonment, followed by a three-year term of supervised release.

6. The Bureau of Prisons assigned Lunato to reside at the Oriana House, a residential halfway house in Cleveland, Ohio, in the Northern District of Ohio.  Lunato was required to wear an ankle monitor while at the Oriana House.

7. On September 8, 2022, FBI Agents interviewed an employee of the Oriana House.  The employee stated that Lunato and an Oriana House employee had an interaction earlier that day in which Lunato stated he was being followed and would not go inside the halfway house. Lunato then departed against the halfway house employee's direction. The employee further stated that Lunato had cut off his ankle monitor.

8. I located and arrested Lunato at a hospital.

9. During a recorded transport to a county jail, Lunato volunteered without questioning that he had cut off his ankle bracelet and disposed of his phone to avoid detection. Lunato stated that he knew he would eventually be caught and arrested.

## CONCLUSION

Based on the above information, probable cause exists that Aaron John Lunato violated 18 U.S.C. §§ 751(a) by knowingly escaping from custody in Oriana House, an institutional facility in which he was lawfully confined at the direction of the Attorney General, by virtue of a judgment and

commitment of the United States District Court for the Northern District of Ohio, upon conviction for the commission of being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1).

FURTHER AFFIANT SAYETH NOT

_____
Peter J. Mauro, Special Agent
Federal Bureau of Investigation
Akron, Ohio

Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 3, 4(d), and 4.1, on this 9th day of September, 2022 in Cleveland, Ohio.

Kathleen B. Burke, U.S. Magistrate Judge